**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Earl PEEPER,
Defendant-Appellant.**

No. 82–1036X.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 1982.

Decided Aug. 25, 1982.

As Amended Aug. 30, 1982.

Lincoln Webb, Sacramento, Cal., for defendant-appellant.

Fred K. Morrison, Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before CHAMBERS and WALLACE, Circuit Judges, and JAMESON,* District Judge.

Appellant was convicted of conspiracy to possess cocaine with intent to distribute it (21 U.S.C. § 846). Given the presumptions available to the government, we have little hesitation in characterizing the evidence against appellant as "overwhelming." Peeper argues, on appeal, that introduction of taped telephone recordings, made with a coconspirator's knowledge, violated his Sixth Amendment right to confrontation as the coconspirator was not present and there was no showing by the government as to why he was unavailable. In

* The Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

making this argument appellant relies on *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

Appellant's reliance is misplaced. At the trial his own attorney wished to utilize certain portions of the tapes which he believed were exculpatory. He could hardly object to the government's use of other portions of those same tapes. As a result no objection was made to the introduction of the tapes and thus the issue of coconspirator hearsay and the issue of his unavailability never came up.

We are convinced on this record that the decision by appellant's attorney not to object to the tapes was intentionally made for tactical purposes. As this is so, the claim of a violation of the Confrontation Clause is clearly without merit.

We are also convinced on this record that appellant received representation that was effective under the test of *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978).

Affirmed.